IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER JOEL CLUTTER, ) | |
| # 21044-045 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 12-cv-1190-MJR |
| ) | |
| MICHAEL EARL CREWS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, an inmate in the United States Penitentiary in Marion, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims that Defendant Michael Crews, a fellow inmate at Marion, asked him for sexual favors and subjected him to unwanted sexual touching. He asks for an investigation and for monetary and punitive damages.

This case is now before the Court for a preliminary review of Plaintiff's operative complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendant Crews for a constitutional violation.

Section 1915A by its terms applies to all civil actions brought by prisoners against governmental employees. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid).

In order to state a *Bivens* cause of action, a plaintiff must show that the defendants: 1) are federal agents; 2) act under color of their authority; and 3) engage in unconstitutional conduct. *See Bivens,* 403 U.S. at 389.

Inmate Crews is not an agent of the federal government, and therefore Plaintiff does not have standing to bring an action against him in a *Bivens* action. The Court cannot discern any other apparent basis in the complaint for federal jurisdiction over this matter.

If Plaintiff's intent, by requesting an investigation into this matter, is to bring criminal charges against Defendant Crews, he is still unable to proceed. Criminal statutes do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

Plaintiff's claim against Defendant Crews shall be dismissed for failure to state a claim.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be **DENIED** as moot.

2

**Disposition**

Plaintiff's complaint against Defendant **CREWS** for sexual assault fails to state a claim upon which relief can be granted and will be **DISMISSED.** However, the dismissal shall be without prejudice to Plaintiff bringing his claims in state court, should he wish to do so.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

**THE CLERK SHALL CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED: December 19, 2012**

       _s/ MICHAEL J. REAGAN_
       Michael J. Reagan
       United States District Judge